UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW JOSEPH WEST,

    Plaintiff,

v.                                           CAUSE NO. 3:22-CV-535-DRL-MGG

WARSAW CITY POLICE DEPT *et al.*,

    Defendants.

OPINION AND ORDER

Andrew Joseph West, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. West is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. West is currently in custody at the Kosciusko County Jail awaiting trial. He alleges that on April 25, 2022, he was "wrongfully arrested due to a call to forest park trailer park in Warsaw, IN for a battery that turned into a fictitious robbery that happened

in 3 different ways and in two different locations." As best as can be discerned, Mr. West arrived at his home that night to find two vehicles parked in his driveway that he did not recognize. He entered the home and did not see anyone. His bedroom door was closed, and he kicked it open to find "a man fumbling and panicking to get out of the bed." His girlfriend, Kari Hicks, was also in the bed and was "awakened by the commotion." Mr. West claims that the man, Billy Kantz, was supposed to be picking up a bed and dresser at Mr. West's residence, and both Billy and Kari "agree[d] that was Billy's only reason to be there." Billy ran into the bathroom and Mr. West told him to leave the house. It can be discerned that some type of scuffle ensued, and that police arrived a short time later. Billy was taken to the hospital and Mr. West was arrested on charges of battery and robbery resulting in bodily injury, which remain pending.[1] *See State v. West*, 43D01-2204-F3-000314 (Kosciusko Cir. Ct. filed Apr. 27, 2022). The public docket reflects that a trial is scheduled for July 26, 2022. *Id.*

Mr. West claims that the pending criminal charges were "trumped up" by law enforcement and prosecutors and that he is not guilty of robbery or battery. He also claims the judge in the criminal case is "disregarding" his motions and trying to deny him his right to self-representation. He further claims that Kari was sexually assaulted by Billy, but police allegedly treated her "like a criminal instead of a victim." He alleges that

---

[1] Public court records reflect that Mr. West also has charges pending in Kosciusko County for possession of methamphetamine, driving on a suspended license, false informing, and possession of drug paraphernalia. *See State v. West*, 43C01-2203-F6-000222 (Kosciusko Cir. Ct. filed Mar. 24, 2022). It appears from the docket that he was out on bond in that case at the time of the April 25, 2022, incident. *Id.* The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Kari's rights were violated when the prosecutor's office declined to bring any charges against Billy. Based on these events, he sues the Warsaw City Police Department, the Kosciusko County Prosecutor's Office, and "Superior Court 1." He seeks damages in connection with the criminal charges pending against him and for criminal charges to brought against Billy on behalf of Kari.

As a preliminary matter, Mr. West does not have standing to assert any claims on behalf of Kari. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999). Rather, he may only assert a violation of his own rights. *Id.* Even if Kari was added as a party, Mr. West could not represent her because he is not a licensed attorney. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Furthermore, he cannot force the county prosecutor's office to bring charges against Billy, nor can he himself initiate state or federal criminal charges, as that is the purview of law enforcement officials. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

He may be trying to assert a claim for damages against the county prosecutor's office, but the prosecutor's office is not a "person" for purposes of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *see also Jones v. Indiana*, No. 1:08-CV-292-TS, 2009 WL 2168941, 2 (N.D. Ind. July 16, 2009) (Indiana county prosecutor's office was not subject to suit under 42 U.S.C. § 1983). Additionally, as an arm of the state, the county prosecutor's office is entitled to Eleventh Amendment immunity. *de Lima Silva v.*

3

*Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019); *Martin v. Noble Cnty. Sheriff's Dep't*, No. 1:18-CV-121, 2021 WL 26310, 23 (N.D. Ind. Jan. 4, 2021).

Similarly, the police department is not a person or a policymaking unit of government that can be sued for constitutional violations under § 1983. *See McMillian v. Monroe County*, 520 U.S. 781, 786 (1997) (local government liability under § 1983 "is dependent on an analysis of state law"); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (concluding that municipal police departments in Indiana are not a suable entity). The same goes for the superior court. *See* IND. CODE. § 36-1-2-10; *Sow*, 636 F.3d at 300. He may have intended to name the judge presiding over his case rather than the court, but the judge has absolute judicial immunity for her rulings in Mr. West's criminal case.[2] *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

---

[2] To the extent Mr. West is trying to assert a malicious prosecution claim, such a claim triggers application of the *Younger* doctrine where, as here, criminal charges remain pending. Under this doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Normally the doctrine requires a stay of the civil case until the criminal case is resolved, at which point the court must determine whether the civil claims run afoul of the bar imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because Mr. West has not named a viable defendant in connection with such a claim, the court does not consider the *Younger* issue further in this order.

4

For these reasons, the court:

(1) GRANTS the plaintiff until **August 15, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

July 19, 2022  *s/ Damon R. Leichty*
Judge, United States District Court